IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLAYTON PALMGREN,
    Plaintiff,

vs.                                          Case No.: 3:19cv80/MCR/EMT

MARTIN J. DONOVAN, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court upon referral from the clerk. Plaintiff filed his civil rights complaint (ECF No. 5-2) originally in the Santa Rosa County Circuit Court, but the case was subsequently removed to this federal court by Defendants on January 18, 2019 (ECF No. 1).

By order of this court dated May 3, 2019, Plaintiff was given thirty (30) days in which to file a response to the four motions to dismiss and one motion to set aside default that were pending in the case (*see* ECF No. 10). Plaintiff was cautioned in that order that if he failed to respond it would likely result in the court's granting the motions (*id.* at 2). Plaintiff failed to file a response to any of the motions, and on June 25, 2019, the court issued an order requiring Plaintiff to show cause within twenty-one

(21) days why this action should not be dismissed for his failure to comply with an order of the court (ECF No. 13). He was also warned that failure to respond to the show cause order would result in a recommendation of dismissal of this action (*id.*). The time for compliance with that show cause order has now elapsed, and Plaintiff has failed to file any response to that order. In fact, the court notes that, since this case has been removed to federal court six months ago, there appears to have been no activity from Plaintiff on the record.

As provided in Local Rule 7.1(E), a party that opposes a motion must file a memorandum in opposition, and under Rule 7.1(H), the failure to do so is alone a sufficient ground to grant the motion. *See* N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule"). Additionally, Local Rule 41.1 provides that the court may dismiss the claim of a party that fails to comply with an applicable rule or court order. Similarly, as provided in Rule 41 of the Federal Rules of Civil Procedure, if a plaintiff fails to prosecute or to comply with a court order, the action may be dismissed. Fed. R. Civ. P. 41(b); *see also* <u>Helt v. Palm Beach Cty. Sheriff's Office</u>, 387 F. App'x 938, 939 (11th Cir. 2010) ("A district court has the authority to dismiss a complaint for failure to comply with a court order or the federal rules."); <u>Betty K Agencies, Ltd. v. M/V</u>

Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing that a district court may act under either Rule 41(b) or under its inherent authority to enforce its own orders).

Thus, for the reasons set out above, this complaint is subject to dismissal due to Plaintiff's failure to respond to Defendants' motions and failure to comply with the court's orders.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice,** pursuant to Fed. R. Civ. P. 41(b) and Local Rules 7.1(E), 7.1(H), and 41.1, and for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 25th day of July 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.